CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

JOHN SILBERMANN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 353-6094

ARLENE P. MESSINGER
Assistant General Counsel
 for SBIC Enforcement
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, DC 20416
(202) 205-6857

**RECEIVED**

MAY 1 6 2006

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>PENNY LANE PARTNERS, L.P.,<br><br>*Defendant.* | Hon.<br><br>Civil Action No. 06-1894(GEB) |

**ORDER**

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for Penny Lane Partners, LP. The Court, being fully advised in the merits, believes this relief should be granted:

MAY 17 '06 05:22PM SBA                                                                                     P.3/7

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Penny Lane Partners, LP ("Penny Lane"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Penny Lane to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Penny Lane's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of Penny Lane under applicable state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The partners, managers, directors, officers, employees and agents of Penny Lane are hereby dismissed. Such persons shall have no authority with respect to Penny Lane's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Penny Lane and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Penny Lane, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Penny Lane shall furnish a written statement within five (5) days after the entry of this Order, listing the

identity, location and estimated value of all assets of Penny Lane as well as the names, addresses and amounts of claims of all known creditors of Penny Lane. All persons having control, custody or possession of any assets or property of Penny Lane, including Penny Lane's former General Partner, Penny Lane, Inc., are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Penny Lane. All persons and entities owing any obligations or debts to Penny Lane shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Penny Lane had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Penny Lane, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and

MAY 17 '06  05:23PM SBA                                                        P.5/7

administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. Penny Lane's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Penny Lane. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Penny Lane or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Penny Lane, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Penny Lane or any assets of Penny Lane, involving Penny Lane or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action

taken by Penny Lane's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Penny Lane, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Penny Lane or any of its assets or any action of any nature taken by Penny Lane's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Penny Lane and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Penny Lane to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

10. The Receiver is authorized to borrow on behalf of Penny Lane, from the SBA, up to $500,000, and is authorized to cause Penny Lane to issue Receiver's

Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Penny Lane, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Penny Lane.

11.  This Court determines and adjudicates that Penny Lane has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Penny Lane's license as an SBIC be revoked.

SO ORDERED this 16TH day of MAY, 2006. AT 12:00 NOON

UNITED STATES DISTRICT JUDGE

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____
Deputy Clerk

6

MAY 16 '06 05:24PM SBA                                                                    P.2/15

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

JOHN SILBERMANN
Assistant United States Attorney
97' road Street, Suite 700
Newark, NJ 07102
(973) 353-6094

ARLENE P. MESSINGER
Assistant General Counsel
 for SBIC Enforcement
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, DC 20416
(202) 205-6857

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA, | Hon. Garrett E. Brown, Jr. |
|---|---|
| Plaintiff, | Civil Action No. 06-1894 |
| v. | |
| PENNY LANE PARTNERS, L.P., | |
| Defendant. | |

## COMPLAINT FOR RECEIVERSHIP, INJUNCTIVE RELIEF AND MONEY JUDGMENT

COMES NOW, Plaintiff, the United States, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration ("SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C. 20416.

MAY 16 '06 05:24PM SBA                                                      P.4/15

U.S.C. §§ 683(a) and (b), SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs.

8. Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of "Capital Impairment" that a Licensee may have, based on the percentage of equity capital investments in its portfolio and its ratio of outstanding leverage to leverageable capital.

## STATEMENT OF FACTS

9. Penny Lane was licensed by SBA as an SBIC pursuant to Section 301 of the Act, 15 U.S.C. § 681, on November 1, 1996, SBA License No. 02/72-0570, solely to do business under the provisions of the Act and Regulations.

10. Penny Lane, Inc., a Delaware corporation, is the general partner of Penny Lane.

11. Penny Lane's Agreement of Limited Partnership ("ALP"), submitted to SBA by Penny Lane, expressly provides that: (a) Penny Lane was organized solely for the purpose of operating as an SBIC under the Act; and, (b) the operations of the Partnership and the actions taken by the Partnership and the Partners shall be in compliance with the Act.

12. In accordance with Section 303 of the Act, 15 U.S.C. § 683b, SBA provided Leverage to Penny Lane through the purchase of the following Participating Securities totaling $16,488,007.00. Specifically, such Leverage was issued as follows:

| Certificate Number | Amount | Date | Rate of Prioritized Payment |
|---|---|---|---|
| 02011301-09 | $2,088,007.00 | 11/26/96 | 6.90% |
| 02012751-05 | $2,100,000.00 | 05/28/97 | 7.31% |

- 3 -

MAY 16 '06  05:24PM SBA                                                          P.3/15

2.  Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3.  Defendant, Penny Lane Partners, L.P., ("Penny Lane," Licensee" or "Defendant") is a Delaware limited partnership that maintains its principal office and/or principal place of business at 2 Tree Farm Road, Suite A110, Pennington, New Jersey 08534. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

### STATUTORY AND REGULATORY FRAMEWORK

4.  Section 102 of the Act, 15 U.S.C. § 661, states that the purpose of the Act is to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth.

5.  Section 308(c) of the Act, 15 U.S.C. § 687(c) authorizes SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies ("SBIC"). SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6.  As defined by Section 301 of the Act, 15 U.S.C. § 681, an SBIC is a corporation, limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. Additionally, Section 301 vests SBA with exclusive authority for licensing SBICs.

7.  SBICs are authorized to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as prescribed by SBA. Pursuant to 15

| | | | |
|---|---|---|---|
| 02017501-07 | $3,500,000.00 | 07/31/98 | 6.25% |
| 02017502-05 | $1,500,000.00 | 09/04/98 | 6.10% |
| 02017503-03 | $2,500,000.00 | 11/13/98 | 6.10% |
| 02017504-01 | $ 500,000.00 | 05/14/99 | 7.54% |
| 02024502-00 | $1,500,000.00 | 05/14/99 | 7.54% |
| 02024502-00 | $2,100,000.00 | 03/01/00 | 7.449% |
| 02024503-09 | $ 700,000.00 | 04/03/01 | 6.344% |

(hereinafter referred to collectively as the "Participating Securities" or the "Leverage").

13. Compliance with the terms of the Leverage required that Penny Lane not have a condition of Capital Impairment, as that term is defined in the Regulations at 13 C.F.R. § 107.1830 (which provides that a Licensee such as Penny Lane has a condition of Capital Impairment if its Capital Impairment Percentage exceeds sixty percent (60%). "Capital Impairment Percentage" is defined in 13 C.F.R. § 107.1840.)

14. Based upon Penny Lane's financial statements as of September 30, 2004, SBA determined that Penny Lane had a condition of Capital Impairment as its Capital Impairment Percentage exceeded seventy nine percent (79%).

15. By letter dated February 7, 2005 (the "Notice of Violation"), SBA directed Penny Lane to cure its condition of Capital Impairment within 15 days. In the Notice of Violation, SBA further informed Penny Lane that it would be placed in "Restricted Operations" if it failed to cure its condition of Capital Impairment within the period specified by SBA.

16. Penny Lane failed to cure its condition of Capital Impairment. By letter dated March 9, 2005, SBA informed Penny Lane that it had been placed in Restricted Operations and that SBA was implementing the remedies available against SBICs in Restricted Operations.

17.    Even in Restricted Operations, Penny Lane failed to cure its condition of Capital Impairment. By letter dated June 16, 2005, SBA informed Penny Lane that it had been placed in "Liquidation" status.

18.    Based upon Penny Lane's financial statements as of September 30, 2005, submitted to SBA by Penny Lane on SBA Form 468 (which are required to be filed by the Regulations), SBA determined that Penny Lane's Capital Impairment Percentage was seventy seven percent (77%) in continued violation of the Regulations.

19.    In addition, Penny Lane submitted to SBA a Preliminary Capital Impairment Worksheet as of September 30, 2005 which yields a Capital Impairment Percentage of one hundred and four percent (104%).

20.    Penny Lane continues to have and has failed to cure its condition of Capital Impairment in violation of Section 107.1830 of the Regulations.

21.    Penny Lane's condition of Capital Impairment constitutes non-compliance with the terms of its Leverage under 13 C.F.R. § 107.1830(b) and is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities. These continuing violations of the Regulations and Act entitle SBA to the remedies thereunder.

22.    Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

23.    Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or

practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

### COUNT ONE

### Violation of SBA Regulations
### 13 C.F.R. §§ 107.1830(b) and 107.507(a)

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. Penny Lane has an uncured condition of Capital Impairment as that term is defined in the Regulations at 13 C.F.R. § 107.1830(c) (which provides that a Licensee such as Defendant has a condition of Capital Impairment if its Capital Impairment Percentage exceeds sixty percent (60%)).

26. Based upon Penny Lane's financial statements as of September 30, 2005, as submitted to SBA by Penny Lane, SBA determined that Penny Lane's Capital Impairment Percentage was seventy seven percent (77%).

27. Additionally, Penny Lane submitted to SBA a Preliminary Capital Impairment Worksheet as of September 30, 2005 which yields a Capital Impairment Percentage of one hundred and four percent (104%).

28. SBA has determined that Penny Lane has an uncured condition of Capital Impairment as that term is defined in the Regulations.

- 6 -

29.   SBA has determined that Penny Lane is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

30.   SBA has determined that Penny Lane is in violation of Regulation Sections 107.1830(b) and 107.507(a).

31.   As a consequence of Penny Lane's continuing violation of 13 C.F.R. §§ 107.1830(b) and 107.507(a), SBA is entitled to the injunctive relief provided under the Act at 15 U.S.C. § 687(d) and 687c and the appointment of SBA as Receiver of Penny Lane.

**WHEREFORE**, Plaintiff prays as follows:

A.   That injunctive relief, both preliminary and permanent in nature, be granted restraining Penny Lane, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Penny Lane's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Penny Lane, wherever located; and, (3) further violating the Act or the Regulations promulgated thereunder;

B.   That this Court determine and adjudicate Penny Lane's noncompliance with the requirements of the Participating Securities and noncompliance and violation of the Act and the Regulations promulgated thereunder;

C.   That this Court take exclusive jurisdiction of Penny Lane, and all of its assets, wherever located and appoint SBA as receiver of Penny Lane for the purpose of liquidating all of Penny Lane's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Penny Lane, as appropriate;

-7-

D.     That this Court order that Penny Lane's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof; and,

E.     That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

Dated: April 24, 2006     By:     JOHN G. SILBERMANN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Phone: (973) 353-6094

U.S. SMALL BUSINESS ADMINISTRATION

Dated April 24, 2006     By:     ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, DC 20416
Phone: (202) 205-6857

- 8 -